USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 7/23/2024

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GAREY GOMEZ,

Plaintiff,

-against-

SIMPAS LIVE BETTER O.E.,

Defendant.

24 Civ. 902 (AT)

**ORDER TO SHOW CAUSE FOR FAILURE TO PROSECUTE**

ANALISA TORRES, District Judge:

On February 7, 2024, Plaintiff filed this action. ECF No. 1. On February 8, 2024, the Court ordered the parties submit a joint letter and jointly proposed case management plan by May 8, 2024. ECF No. 8. On April 14, 2024, Plaintiff filed a proposed certificate of default and supporting affidavit. ECF Nos. 13–14. The Clerk's Office notified Plaintiff that the filings were deficient the next day. *See* 4/15/2024 Docket Entries. Plaintiff took no further action. On May 9, 2024, the Court ordered the parties to submit a joint letter and proposed case management plan—or for Plaintiff to correctly re-file his application by a certificate of default—by May 30, 2024. ECF No. 15. On June 4, 2024, having received no submissions, the Court extended the deadline to June 25, 2024, advising Plaintiff that failure to comply with the Court's orders may result in dismissal for failure to prosecute. ECF No. 16. On July 1, 2024, having again received no submissions, the Court extended the deadline to July 22, 2024 and again reminded Plaintiff that failure to comply could result in dismissal. ECF No. 17. Again, that deadline passed and no documents were filed.

An action may be dismissed "[i]f the plaintiff fails to prosecute or to comply with [the Federal Rules] or a court order." Fed. R. Civ. P. 41(b). "Rule 41(b) gives the district court authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute." *Davis v. Town of Hempstead*, 597 F. App'x 31, 32 (2d Cir. 2015) (internal quotation marks and citation omitted). Plaintiff has the ultimate obligation of moving the case to trial, and "[d]ismissal is warranted where there is a lack of due diligence in the prosecution of the lawsuit by [the] plaintiff." *West v. City of New York*, 130 F.R.D. 522, 524 (S.D.N.Y. 1990).

The Court is inclined to dismiss the action under Rule 41(b) because Plaintiff has failed to prosecute this action, as evidenced by his failure to comply with the Court's orders to submit the joint letter and case management plan or otherwise advise the Court of his intentions.

Accordingly, by **August 6, 2024**, Plaintiff shall show cause in writing why the Court should not dismiss this case pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute. Failure to respond shall result in dismissal of this case.

SO ORDERED.

Dated: July 23, 2024
New York, New York

ANALISA TORRES
United States District Judge