UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _8/8/2024_____
```

GAREY GOMEZ,

               Plaintiff,

-against-

SIMPAS LIVE BETTER O.E.,

               Defendant.

24 Civ. 902 (AT)

**ORDER**

ANALISA TORRES, District Judge:

      On February 7, 2024, Plaintiff, Garey Gomez, commenced this action against Defendant, Simpas Live Better O.E., alleging that Plaintiff held the exclusive copyright to a photograph Defendant had published on its website. Compl., ECF No. 1. For the reasons discussed below, the complaint is dismissed without prejudice for failure to prosecute.

      On February 8, 2024, the Court ordered the parties to submit a joint letter and jointly proposed case management plan by May 8, 2024. ECF No. 8. On April 14, 2024, Plaintiff filed a proposed certificate of default and supporting affidavit. ECF Nos. 13–14. The Clerk's Office notified Plaintiff that the filings were deficient the next day. *See* 4/15/2024 Docket Entries. Plaintiff took no further action. On May 9, 2024, the Court ordered the parties to submit a joint letter and proposed case management plan—or for Plaintiff to correctly re-file his application for a certificate of default—by May 30, 2024. ECF No. 15. On June 4, 2024, having received no submissions, the Court extended the deadline to June 25, 2024, advising Plaintiff that failure to comply with the Court's orders may result in dismissal for failure to prosecute. ECF No. 16. On July 1, 2024, having again received no submissions, the Court extended the deadline to July 22, 2024, and again reminded Plaintiff that failure to comply could result in dismissal. ECF No. 17. Again, that deadline passed and no documents were filed. Accordingly, on July 23, 2024, the Court ordered Plaintiff to file a letter, by August 6, 2024, showing cause why this action should not be dismissed for his repeated failure to comply with the Court's orders. ECF No. 18. The Court advised Plaintiff that failure to respond would result in dismissal. *Id.* Plaintiff did not respond.

      Under Rule 41(b) of the Federal Rules of Civil Procedure, an action may be dismissed "[i]f the plaintiff fails to prosecute or to comply with [the federal rules] or a court order." Fed. R. Civ. P. 41(b). "Rule 41(b) gives the district court authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute." *Davis v. Town of Hempstead*, 597 F. App'x 31, 32 (2d Cir. 2015) (quotation marks and citation omitted). Plaintiff has the ultimate obligation of moving the case to trial, and "[d]ismissal is warranted where there is a lack of due diligence in the prosecution of the lawsuit by [the] plaintiff." *West v. City of New York*, 130 F.R.D. 522, 524 (S.D.N.Y. 1990).

      Before dismissing a case under Rule 41(b), the district court must weigh five factors: "(1) the duration of the plaintiff's failure to comply with the court order,

(2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal."

*Lewis v. Frayne*, 595 F. App'x 35, 36 (2d Cir. 2014) (quoting *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (per curiam)). "No one factor is dispositive" in determining the proper outcome and the Court must weigh all five factors in deciding whether dismissal is appropriate. *United States ex rel. Drake v. Norden Sys.*, 375 F.3d 248, 254 (2d Cir. 2004). Dismissal under Rule 41(b) is subject to the "sound discretion of the district courts." *Tutora v. Correct Care Sols., LLC*, No. 17 Civ. 9169, 2020 WL 1164793, at *1 (S.D.N.Y. Mar. 11, 2020).

The Court concludes that all five factors weigh in favor of dismissal. First, Plaintiff has failed to prosecute this action, as evinced by his repeated failure to respond to or comply with the Court's orders. Plaintiff has further failed to communicate with the Court since filing for a certificate of default in April 2024. The length of this delay is significant enough to weigh in favor of dismissal. *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42–43 (2d Cir. 1982) (noting that a plaintiff's conduct "may warrant dismissal after merely a matter of months"). Second, the Court expressly warned Plaintiff that failure to comply with its orders would result in dismissal for failure to prosecute. ECF Nos. 16–18. Third, because Plaintiff has not communicated with the Court since April 2024 and has not provided good cause for his absence, the Court may presume prejudice to Defendant resulting from the "unreasonable delay" in prosecution of this matter. *Lyell Theatre Corp.*, 682 F.2d at 43; *see also Wan v. U.S. Postal Serv.*, No. 17 Civ. 1560, 2018 WL 1785485, at *4 (E.D.N.Y. Apr. 13, 2018). Fourth, as to docket management, "it is not an efficient use of the Court's resources to permit this case to languish on the docket in the hope that [Plaintiff] will reappear in the future." *Ikpemgbe v. New York*, No. 18 Civ. 1027, 2021 WL 4198409, at *1 (S.D.N.Y. Sept. 15, 2021) (cleaned up) (citation omitted). Finally, dismissal is appropriate where the Court "has no reason to believe that lesser sanctions would be effective." *Watkins v. Matarazzo*, No. 13 Civ. 2477, 2015 WL 13745762, at *9 (S.D.N.Y. Sept. 22, 2015) (cleaned up) (citation omitted). Here, given that Plaintiff has failed to communicate with this Court despite repeated warnings of the consequences, there is no reason to think that a lesser sanction would spur Plaintiff to prosecute the case.

Accordingly, Plaintiff's complaint is DISMISSED without prejudice for failure to prosecute.

The Clerk of Court is directed to terminate all pending motions, vacate all conferences, and close the case.

SO ORDERED.

Dated: August 8, 2024
New York, New York

_____
ANALISA TORRES
United States District Judge